

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-30190 |
| | 14-30254 |
| Plaintiff-Appellee, | |
| | D.C. No. 3:13-cr-00060-SLG-1 |
| v. | |
| LOREN KENT DODDS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted August 4, 2016
Anchorage, Alaska

Before: FISHER, PAEZ and HURWITZ, Circuit Judges.

Loren Kent Dodds appeals his conviction for possessing and manufacturing

with intent to distribute more than 100 marijuana plants in violation of 21 U.S.C.

§ 841(a)(1) & (b)(1)(B) and the district court's order awarding restitution. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm Dodds' conviction and

vacate the restitution order.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court properly denied Dodds' motion to suppress evidence derived from four search warrants. Dodds argues the February 2 warrant should have been suppressed for two reasons. First, he contends Trooper Cooper's unrecorded oral affidavit did not comply with the Fourth Amendment's oath or affirmation requirement. But even if Dodds were correct, suppression was not required because Cooper's reliance on the warrant was "objectively reasonable." *United States v. Leon*, 468 U.S. 897, 922-24 (1984) (establishing good faith exception to the exclusionary rule). Contrary to Dodds' suggestion, the magistrate did not "wholly abandon[] his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York*," *id.* at 923, by failing to make a contemporaneous recording of Cooper's oral affidavit. The magistrate's conduct in *Lo-Ji*, "allow[ing] himself to become a member, if not the leader, of the search party," 442 U.S. 319, 327 (1979), bears no relation to the facts here. Furthermore, there is no evidence Cooper knew or should have known of the magistrate's procedural error before he conducted the search.

Second, Dodds argues that Cooper's oral affidavit failed to establish probable cause because the observations made on his property must be excised. We disagree. Cooper's observation of a strong odor of marijuana was not, as

Dodds contends, "accomplished through an unlicensed physical intrusion." *Florida v. Jardines*, 133 S. Ct. 1409, 1415 (2013). Cooper smelled the odor while attempting to conduct a knock-and-talk; "a police officer not armed with a warrant may approach a home and knock, precisely because that is 'no more than any private citizen might do.'" *Id.* at 1416 (quoting *Kentucky v. King*, 563 U.S. 452, 469 (2011)). Even disregarding other observations made on Dodds' property that Dodds argues were the fruit of an illegal search, the strong odor combined with the report of an identified informant and Cooper's independent corroboration of certain details in that report suffice to establish probable cause. Dodds' assertion that Cooper's affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *Leon*, 468 U.S. at 923, is without merit.

Because the good faith exception applies, we do not decide whether the Fourth Amendment requires a contemporaneous recording of the oath or affirmation supporting issuance of a warrant. We also do not reach Dodds' argument, raised for the first time on appeal, that suppression of the February 2 warrant was required because "the record does not show, and the district court did not find, that Trooper Cooper read the warrant itself to the judge." "The failure to raise a particular ground in support of a motion to suppress constitutes a waiver of

3

that challenge." *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). Dodds' motion for judicial notice in support of this argument is denied as moot.

Dodds' challenges to three subsequently issued warrants depend upon his contention that evidence collected in reliance on the February 2 warrant must be suppressed. Therefore, those challenges also fail.

**2**

The district court did not abuse its discretion by admitting testimony linking Dodds to the purchase of firearms. The court properly concluded this testimony provided necessary context on the role of a cooperating witness and her relationship to Dodds, and that its probative value was not substantially outweighed by unfair prejudice under Federal Rule of Evidence 403. Furthermore, any error was harmless given the overwhelming evidence of guilt, including the discovery of over 600 marijuana plants and cultivating equipment in Dodds' home. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) ("[W]e will only reverse if an erroneous evidentiary ruling 'more likely than not affected the verdict.'" (quoting *United States v. Angwin*, 271 F.3d 786, 798 (9th Cir. 2001))).

**3**

In accordance with the parties' stipulation, we vacate the district court's order of restitution in favor of Matanuska Electric Association, Inc. The district

court exceeded its authority under 18 U.S.C. § 3663 to order restitution for "acts of related conduct for which the defendant was not convicted" because Dodds was not convicted of a crime involving "a scheme, conspiracy, or pattern of criminal activity as an element of the offense." *United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999).

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**

Dodds' motion for judicial notice, filed December 9, 2015, is DENIED.